IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02331-BNB

MALACHI YORK, also known as
MALACHI KOBINA YORK, also known as
ISSA AL HAADI AL MAHDI, also known as
DWIGHT D. YORK, also known as
DWIGHT YORK,

      Applicant,

v.

FEDERAL BUREAU OF PRISONS, et al.,

      Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 3 2009

GREGORY C. LANGHAM
CLERK

_____

## ORDER TO FILE THIRD AND FINAL AMENDED APPLICATION

_____

Applicant, Malachi York, also known as Malachi Kobina York, Issa Al Haadi Al

Mahdi, Dwight D. York, and Dwight York, is a prisoner in the custody of the United

States Bureau of Prisons who currently is incarcerated at the United States

Penitentiary, Administrative Maximum (ADX), in Florence, Colorado.  On October 28

and 29, 2009, Mr. York filed *pro se* two amended applications for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  The October 29 application includes pages

eleven through sixteen missing from the October 28 application.  The October 28

application includes page seventeen missing from the October 29 application and a

partially blank attached page five.

The Court must construe the amended habeas corpus applications liberally

because Mr. York is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. York will be ordered to file a third and final amended application.

Mr. York is attacking his 2004 conviction in the United States District Court for the Middle District of Georgia, *United States v. York*, No. 02-cr-00027-CAR-1 (M.D. Ga. June 10, 2004).  Mr. York, fails, however, to assert any support for his claims for relief in the application.  Rather, he apparently expects the Court and the defendants to piece together the substance of his claims by referring to documents not attached to the amended applications.  In fact, it is not clear to the Court whether the documents referenced in the amended applications are filed in this action.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases also requires Mr. York to go

2

beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Rule 1(b) of the Section 2254 Rules applies the rules to 28 U.S.C. § 2241 habeas corpus applications. Mr. York must clearly allege his claims, and he must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. York has failed to meet the requirements of both Fed. R. Civ. P. 8 and Rule 4 of the Section 2254 Rules. The application fails to provide a short and plain statement of his claims showing that he is entitled to relief. Mr. York will be directed to file a third and final amended application that complies with Fed. R. Civ. P. 8 and Rule 4 of the Section 2254 Rules. In the amended application, Mr. York is directed to state, clearly and concisely, each claim he intends to assert in this action. Mr. York may not refer to or rely upon attachments or documents external to his third and final application to explain his asserted claims or to provide support for the asserted claims.

Finally, the Court notes that Mr. York has not named the proper respondent in the application. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). It appears that the ADX warden is the proper custodial respondent in this action because Mr. York alleges that he is incarcerated at ADX. Therefore, Mr. York will be directed to name the proper respondent in the third and final amended application he will be ordered to file.

3

Accordingly, it is

ORDERED that Applicant, Malachi York, also known as Malachi Kobina York, Issa Al Haadi Al Mahdi, Dwight D. York, and Dwight York, file **within thirty days from the date of this order** a third and final amended application that complies with this order.  It is

FURTHER ORDERED that Mr. York's third and final amended application shall be titled, "Third and Final Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. York, together with a copy of this order, two copies of the following form to be used in filing the third and final amended application:  Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  It is

FURTHER ORDERED that if Mr. York fails within the time allowed to file a third and final amended application as directed, the amended applications will be denied and the action will be dismissed without further notice.  It is

DATED November 3, 2009, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02331-BNB

Malachi York
aka Dwight York
Reg. No. 17911-054
ADX - Florence
PO Box 8500
Florence, CO 81226

      I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on ___11/3/09___.

GREGORY C. LANGHAM, CLERK

By: _____
                     Deputy Clerk