IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02331-BNB

MALACHI K. YORK, also known as
MALACHI YORK, also known as
MALACHI KOBINA YORK, also known as
ISSA AL HAADI AL MAHDI, also known as
DWIGHT D. YORK, also known as
DWIGHT YORK,

    Applicant,

v.

FEDERAL BUREAU OF PRISONS, et al., and
BLAKE R. DAVIS, Warden,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 19 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Malachi K. York, also known as Malachi York, Malachi Kobina York, Issa Al Haadi Al Mahdi, Dwight D. York, and Dwight York, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. On October 28 and 29, 2009, Mr. York filed *pro se* two amended applications for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The October 29 application included pages eleven through sixteen missing from the October 28 application. The October 28 application included page seventeen missing from the October 29 application and a partially blank attached page five.

On November 3, 2009, Magistrate Judge Boyd N. Boland ordered Mr. York to file

within thirty days a third and final amended application that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 4 of the Rules Governing Section 2254 Cases. On November 30, 2009, Magistrate Judge Boland granted Mr. York a thirty-day extension of time in which to file the third and final amended application.

On December 31, 2009, Mr. York submitted four documents: (1) an amended application on the proper, Court-approved form titled "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (docket number 15) but which refers to an unspecified attachment for a discussion of Mr. York's claims and request for relief; (2) a 10-page document titled "Third and Final Amended Application for a Writ of Habeas Corpus Pursuant 28 U.S.C. § 2241" (docket number 16); (3) a 71-page document titled "Third and Final Amended Application for a Writ of Habeas Corpus Pursuant 28 U.S.C. § 2241" (docket number 17); and 124 pages of exhibits (docket number 18).

The Court must construe Mr. York's filings liberally because Mr. York is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the three amended applications submitted on December 21, 2009, will be denied, and the action dismissed without prejudice.

Mr. York appears to be attacking his 2004 conviction in the United States District Court for the Middle District of Georgia (Middle District of Georgia), *United States v. York*, No. 02-cr-00027-CAR-1 (M.D. Ga. June 10, 2004), for violation of federal

2

racketeering statutes, transporting minors in interstate commerce for the purposes of unlawful sexual activity, and conspiracy to structure cash transactions to evade currency reporting requirements. *See York v. Federal Bureau of Prisons*, No. 07-cv-01297-PAB-KLM (D. Colo. May 29, 2009), document number 35 (defendant's motion to dismiss) at 1; *see also* document number 24 (amended complaint) at 1-2, ¶ 2. He is serving a 135-year sentence. *See id.* "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

In the 10-page document titled "Third and Final Amended Application for a Writ of Habeas Corpus Pursuant 28 U.S.C. § 2241" (docket number 16), Mr. York makes brief reference to 10 claims, *see id.* at 4-5, and 10 requests for relief, at least 6 of which appear to seek relief appropriate in an action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), not in a § 2241 habeas corpus action. *See, e.g.*, requests for relief 4, 5, 6, 7, 8, and 9 at 8-9..

In the 71-page document titled "Third and Final Amended Application for a Writ of Habeas Corpus Pursuant 28 U.S.C. § 2241" (docket number 17), Mr. York asserts 13 claims, only 2 of which appear to correspond with the claims briefly mentioned in the 10-page third and final amended application, *see, e.g.*, claims 2 and 3 in docket number 16 at 4 and claims 2 and 3 in docket number 17 at 8-23, and at least 2 of which appear to be conditions-of-confinement claims appropriate in a *Bivens* action. *See, e.g.*, claims 9 and 13 in docket number 17 at 52-54 and 70, respectively.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. York filed in the Middle District of Georgia, the sentencing court, a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the court denied on July 29, 2009. *See* No. 02-cr-00027-CAR-1 at docket numbers 382, 445. Therefore, to the extent the Court can determine the claims asserted in the instant action, Mr. York appears to have an adequate and effective remedy available to him

pursuant to § 2255 in the sentencing court for the claims attacking his conviction and sentence. The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See id.* Another situation that may render the remedy available pursuant to § 2255 inadequate and ineffective is when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001). The simple fact that Mr. York has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. The fact that Mr. York likely is barred from filing a second or successive § 2255 motion in the sentencing court, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179.

To the extent the Court has determined that Mr. York also appears to assert claims attacking the conditions of his confinement and seeks relief to remedy those conditions, the claims are appropriate in a *Bivens* action. Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

In any case, Mr. York has failed to comply with the directives of the November 3, 2009, order to file a third and final amended application. As Magistrate Judge Boland informed Mr. York in the November 3 order, the Federal Rules of Civil Procedure apply

to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Magistrate Judge Boland also informed Mr. York that, pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Magistrate Judge Boland pointed out that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. He explained that prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In the November 3, 2009, order for a third and final amended complaint, Magistrate Judge Boland also explained that Rule 4 of the Rules Governing Section 2254 Cases (Section 2254 Rules) requires Mr. York to go beyond notice pleading. *See* ***Blackledge v. Allison***, 431 U.S. 63, 75 n.7 (1977). Magistrate Judge Boland noted that Rule 1(b) of the Section 2254 Rules applies the rules to 28 U.S.C. § 2241 habeas corpus applications. He also noted that Mr. York must clearly allege his claims, and he must allege specific facts to support each asserted claim. Lastly, he explained that naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See **Ruark v. Gunter***, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

In the November 3, 2009, order, Magistrate Judge Boland specifically directed Mr. York to file a third and final amended application that complied with Fed. R. Civ. P.

8 and Rule 4 of the Section 2254 Rules, that stated, clearly and concisely, each claim he intended to assert in this action, and that did not refer to or rely upon attachments or documents external to his third and final application to explain his asserted claims or to provide support for the asserted claims.

Mr. York has failed to comply with the directives of the November 3, 2009, order and has failed to meet the requirements of both Fed. R. Civ. P. 8 and Rule 4 of the Section 2254 Rules. The three different amended applications Mr. York filed on December 21, 2009, fail to provide a short and plain statement of his claims showing that he is entitled to relief. As a result, they will be denied. Accordingly, it is

ORDERED that the three amended applications that Applicant, Malachi K. York, also known as Malachi York, Malachi Kobina York, Issa Al Haadi Al Mahdi, Dwight D. York, and Dwight York, submitted to and filed with the Court on December 31, 2009 (document numbers 15, 16, and 17) are denied and the action is dismissed without prejudice for Mr. York's failure to comply with the directives of the November 3, 2009, order for a third and final amended application. It is

FURTHER ORDERED that any pending motions are denied as moot. It is

FURTHER ORDERED that a certificate of appealability is denied.

DATED at Denver, Colorado, this 19th day of January, 2010.

BY THE COURT:

_____ for
PHILIP A. BRIMMER
United States District Judge for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02331-BNB

Malachi York
aka Dwight York
Reg. No. 17911-054
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/19/10.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk